### E. I. DU PONT DE NEMOURS POWDER CO. v. MAZENAC.

(Circuit Court of Appeals, Eighth Circuit. March 16, 1914.)

#### No. 3836.

TRIAL (§ 267*)—REQUESTS FOR INSTRUCTIONS—SUBSTITUTION BY COURT.

The refusal of instructions requested by defendant in an action by a servant to recover for personal injuries *held* not error in view of an instruction given which was even more favorable to defendant on the theory upon which the instructions were asked.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 668–672, 674; Dec. Dig. § 267.*]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action at law by Frank Mazenac against the E. I. Du Pont De Nemours Powder Company. Judgment for plaintiff, and defendant brings error. Affirmed.

George Q. Richmond and F. A. Williams, both of Denver, Colo., for plaintiff in error.

Julian G. Dickinson and A. H. Felker, both of Denver, Colo., for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. Mazenac sued his employer, the powder company, and recovered judgment for the loss of two fingers alleged to have been caused by the negligent act of a fellow servant in starting a machine in which he had placed his hand in the performance of a directed duty.

---

The defendant complains of the refusal of the trial court to give several instructions requested by it on the defenses of contributory negligence and assumption of risk. The principal controversy at the trial and substantially the only one was whether the machine was at rest when plaintiff placed his hand in it, as he claimed it was, or, on the other hand, was already in motion as claimed by defendant. The requests proceeded upon the latter assumption and in that view were important. But the trial court took a short cut and charged the jury that if they found "that the machine was in operation when plaintiff put his hand in it he cannot recover." Obviously defendant was not entitled to a more favorable declaration of law. The question of fact was properly submitted to the jury and it found against the defendant. Another instruction refused was in effect that an employer discharges its full duty by prescribing such rules and methods for the operation of its machinery by its employés as would afford reasonable protection if observed, whether they observe them or not; and having prescribed them it is not liable if one employé is injured by the disobedience or neglect of another. It is enough to say of this that in Colorado, where the case at bar arose, the fellow-servant doctrine has been abolished.

The subjects of the remaining assignments of error are the overruling of a motion for a new trial; a claim of excessive damages; an amendment of the complaint; the refusal to set aside the verdict; the receiving and entering of the verdict; the insufficiency of the evidence to warrant the verdict; certain portions of the charge of the court, no exceptions having been taken; and the refusal to charge as specially requested though the principles stated were embodied in the general charge. Repeated decisions on federal appellate practice so completely dispose of these matters that they do not require discussion.

The judgment is affirmed.